IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 15 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00755-BNB

JOSEPH L. WILLIAMS,

    Applicant,

v.

JAMES E. ABBOTT, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant Joseph L. Williams is a prisoner in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility at Cañon City, Colorado. Mr. Williams initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a Colorado state court criminal conviction. The court must construe the application liberally because Mr. Williams is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Williams will be ordered to file an amended application.

The court has reviewed the habeas corpus application and finds that the application is deficient. First, Mr. Williams fails to assert any claims for relief. Although he lists various claims that he allegedly raised in the state courts, it is not clear that he intends to raise the same claims in this action. Furthermore, even assuming Mr.

Williams does intend to raise those claims in the instant action, the application still is deficient because Mr. Williams fails to assert specific facts in support of those claims to demonstrate that his federal constitutional rights have been violated. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Williams go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). He must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

The application also is deficient because Mr. Williams fails to allege specific facts that are necessary for the court to determine whether the application is filed within the one-year limitation period in 28 U.S.C. § 2244(d). Mr. Williams fails to allege the specific dates on which he filed his postconviction motions in the state courts and he fails to allege the specific dates on which those motions were denied. Mr. Williams also must allege the specific dates on which the state appellate courts issued any decisions that relate to the postconviction motions he filed.

Therefore, Mr. Williams will be ordered to file an amended application in which he identifies the claims for relief he is asserting, clarifies the specific facts that support each asserted claim, and clarifies the dates on which he sought and was denied postconviction relief in the state courts. Accordingly, it is

ORDERED that Mr. Williams file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Williams, together with a copy of this order, two copies of the following form: Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2254.  It is

FURTHER ORDERED that, if Mr. Williams fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED May 15, 2006, at Denver, Colorado.

                                          BY THE COURT:

                                          s/ Boyd N. Boland
                                          United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00755-BNB

Joseph L. Williams
Reg. No. 46010
CTCF
P.O. Box 1010
Canon City, CO 81215

   I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on _5-15-06_

GREGORY C. LANGHAM, CLERK

By: _____
   Deputy Clerk