IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00755-ZLW

JOSEPH L. WILLIAMS,

    Applicant,

v.

JAMES E. ABBOTT, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 9 2006

GREGORY C. LANGHAM
CLERK

---

## ORDER DENYING MOTION TO RECONSIDER

Applicant Joseph L. Williams has filed *pro se* on August 2, 2006, a "Motion for a Rehearing on Order and Judgment of Dismissal." Mr. Williams asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on July 20, 2006. Alternatively, Mr. Williams asks the Court to grant a certificate of appealability. The Court must construe the motion to reconsider liberally because Mr. Williams is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied and the clerk of the Court will be directed to process an appeal in this action.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). Mr. Williams' motion to reconsider was filed within ten days after the Court's Order and Judgment of Dismissal. *See* Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

The Court dismissed the instant habeas corpus action as barred by the one-year limitation period in 28 U.S.C. § 2244(d). Mr. Williams argues in his motion to reconsider that the Court erred in determining that the instant action is time-barred, apparently because he believes that a prior habeas corpus action he filed in this Court in 1996 was dismissed without prejudice. *See Williams v. Henderson*, No. 96-cv-00523-WYD-RMB (D. Colo. May 15, 1996); *appeal dismissed*, No. 98-1413 (10th Cir. Sept. 20, 1999).

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Williams fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988). Mr. Williams does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. There is no indication that 96-cv-00523-WYD-RMB was dismissed without prejudice. Furthermore, the proceedings relevant to 96-cv-00523-WYD-RMB ended in 1999 and would not affect the Court's

calculation of the one-year limitation period in the instant action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Motion for a Rehearing on Order and Judgment of Dismissal" filed on August 2, 2006, is denied. It is

FURTHER ORDERED that the clerk of the Court process an appeal in this action.

DATED at Denver, Colorado, this 8 day of Aug., 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00755-BNB

Joseph L. Williams
Prisoner No. 46010
CTCF
PO Box 1010
Canon City, CO 81215-1010

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/9/06

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk